**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                March 15, 2011

Deputy Clerk:         Nel Steffens
Court Reporter:       Suzanne Claar
Probation Officer:    Jeanette Woll

**Criminal Action No.  10-cr-00279-REB**

*Parties:*                                            *Counsel:*

UNITED STATES OF AMERICA,                             Patrick Jasperse

    Plaintiff,

v.

1.  RICHARD BLACK,                                    John Tatum
    a/k/a "Richard Allen,"
    a/k/a "Richard Houston," and
2.  GARY M. LUCKNER,                                  William Taylor
    a/k/a "Gary Michaels,"

    Defendants.

## SENTENCING MINUTES

**3:00 p.m.     Court in session.**

Appearances of counsel.  Also seated at defendant's table is private investigator, Mark Hopko.

Defendants are present on bond.

Court's opening remarks.

The Court considers the issue of loss.

Argument by Mr. Jasperse.

3:10 p.m.     Defendant Black's witness, Mark Hopko, called and sworn.

Direct examination for defendant Black by Mr. Tatum.

3:36 p.m.     Cross examination by Mr. Jasperse.

3:42 p.m.     Witness is excused.

Argument for defendant Luckner by Mr. Taylor.

Rebuttal by Mr. Jasperse.

Statement by victim.

4:00 p.m.     Court commences Sentencing Hearing as to defendant Black.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and two addenda.

Mr. Jasperse confirms that counsel has read the presentence report and addenda.

Mr. Tatum informs the Court that counsel has read and discussed the presentence report and addenda with the defendant.

Mr. Tatum makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentences.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG §  6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG §  6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" –  for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;

- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - **Defendant Black's Motion for Non-Guideline Sentence** [#60] filed March 1, 2011, is respectfully **DENIED**;

    - the **Government's Motion for Downward Departure** [#58] filed February 25, 2011, is **GRANTED**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 1 of the one-count Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **ninety-seven (97) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

        - that the defendant shall not incur new credit charges or open

        •     or establish additional lines of credit without the advance written approval of defendant's probation officer;

        •     that the defendant shall apply any monies received from income tax refunds, lottery winnings, devises, inheritances, judgments, and any unexpected financial gains to the outstanding court-ordered financial obligation of restitution;

        •     that the defendant shall work with the probation officer to develop a monthly budget that shall be reviewed by his probation officer not less than quarterly;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That the defendant shall pay restitution for the benefit of the victims identified in the victims loss chart of March 10, 2011, payable to the care of the Clerk of the Court in full, in the amount of $5,066,456.00, to be paid jointly and severally with Gary Luckner, the co-defendant in this case, Louis J. Gubitosa, Case No. 10-cr-00280-LTB, Trey Friedmann, Case No. 10-cr-00278-DME, Henry Melvin Hendrix, Case No. 10-cr-00283-MSK, and Jennifer Putnam, Case No. 10-cr-00315-CMA, to be paid in installments of not less than ten (10) percent of the defendant's monthly gross wages as determined periodically by his probation officer, payable during the term of his supervised release; provided that interest on restitution is waived;

11. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

12. That presentence confinement credit shall be determined by the Bureau of Prisons as required under federal law at 18 U.S.C. § 3585

13. That this Court recommends that the Bureau of Prisons designate defendant Black to FPC Lompoc, California, or in the alternative, to a Federal Correctional Institution as near to San Diego County, California as is practicable; and

14. That the defendant shall voluntarily surrender and report, at defendant's expense to the institution designated by the Bureau of Prisons within fifteen (15) days of the date of designation as ordered by this court in a separate and discrete order.

The Defendant is advised of the right to appeal the sentence imposed by the Court.

**5:01 p.m.     Court in recess.**

**5:10 p.m.     Court in session.**

5:10 p.m.     Sentencing Hearing as to defendant Luckner commences.

The Court notes the continued appearances of counsel, the defendant, and Ms. Woll.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

> **IT IS FURTHER ORDERED** as follows:

> 15.     That the Sentencing Hearing as to defendant Luckner is **CONTINUED** to **March 16, 2011**, at 9:00 a.m.

**5:18 p.m.     Court in recess.**

Total time in court:   Sentencing as to defendant Black: 01:31
                       Sentencing as to defendant Luckner: 00:38

Hearing concluded as to defendant Black, continued as to defendant Luckner.